W. E. BAIN, Assignee of GEO. A. NETCOTT, Appellee, v.
A. J. BRUCE, Appellant.

**Building contracts:** ENFORCEMENT: SET-OFF. Plaintiff's assignor for
the benefit of creditors, a subcontractor, purchased material from
a manufacturer, which was used in the construction of a school
building before the same was paid for. The manufacturer did
not comply with Code Section 3102, but the school district paid the
manufacturer and withheld the amount from the principal contractor.
*Held,* that as the material-man failed to establish his claim against
the district he had no preference as a creditor of the subcontractor,
and the school district could not create a preference by unauthorized
payment, and therefore the principal contractor could not offset such
sum against plaintiff who completed the contract of his assignor.

*Appeal from Delaware District Court.*—HON. FRANKLIN C.
PLATT, Judge.

SATURDAY, MARCH 14, 1914.

ACTION at law to recover the contract price of certain
labor and material. The case was tried to the court without
a jury, and a judgment rendered for the plaintiff. The de-
fendant appeals.—*Affirmed.*

*Cook & Balluff* and *Arnold & Arnold,* for appellant.

*Chappell & Todd,* for appellee.

EVANS, J.—The plaintiff is the assignee of Geo. A. Netcott
under a general assignment for the benefit of creditors, exe-
cuted October 3, 1911. This action arises out of a contract
made by Netcott prior to the general assignment. On May 11,
1911, the defendant Bruce entered into a contract with the
independent school district of Gibson for the construction of

a school building.  On June 20, 1911, Bruce entered into a contract with Netcott whereby Netcott agreed to furnish certain material and labor, including the brickwork, on said building for the sum of $3,850.  At the time of his general assignment for the benefit of his creditors, Netcott had not fully completed his contract with Bruce.  Thereupon the assignee, plaintiff herein, completed such contract and now demands the balance of the contract price.  The only defense urged is based upon the following facts:  Netcott had purchased brick from the Blackhawk Manufacturing Company to the amount of $589, and the same had all been laid in the building prior to the assignment.  Payment for the same had not been made.  On October 7, 1911, the Blackhawk Company filed with the independent district an itemized and sworn statement of its demand.  The independent school district paid the same.  It therefore withholds a like amount in its settlement with Bruce, the principal contractor; and Bruce seeks to withhold the same amount from Netcott and his assignee.

The last item of the account of the Blackhawk Company was furnished on July 28, 1911.  There was therefore no compliance by the Blackhawk Company with the provisions of section 3102, whereby the independent district could have been rendered liable for the amount of the account.  It is conceded for the appellant that the Blackhawk Company failed to acquire any lien or establish any claim against the independent district.  He contends, however, that, inasmuch as the independent district actually paid the account to the Blackhawk Company, such payment operated to the benefit of Netcott in the payment of his debt, and that he is therefore bound by it, and that the rights of the assignee arise no higher than those of Netcott.  The reasoning does not appeal to us.  Section 3102 of the Code provides the manner whereby material and labor men may become preferred creditors, and whereby they may render the public corporation liable for their account to the extent of the money then remaining in its hands.  If the Blackhawk Company had complied with the provisions of

such section, a very different question would be presented. It did not do so. It was therefore not entitled to preference as a creditor of Netcott. There was nothing in the contract between the independent district and Bruce, nor in the contract between Bruce and Netcott, which entitled the independent district to pay any creditor of Bruce or Netcott except under the provisions of section 3102. The independent district could not work a preference for the Blackhawk Company as a creditor of Netcott by arbitrarily paying its account without any liability or authority so to do.

We think, therefore, that the facts relied on, as here set forth, do not constitute a defense to plaintiff's action. The trial court so held, and its judgment is—*Affirmed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concur.